# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM JAMES RIGGS,
*Appellant.*

(87-10-31534, CA A48728 (Control))

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM ALLEN HIRNING,
*Appellant.*

(87-10-31532, CA A48742)

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM JEROME RIGGS,
*Appellant.*

(87-10-31530; CA A48744)
(Cases Consolidated)

781 P2d 395

Steven V. Humber, Deputy Public Defender, Salem, and William R. Sharp, Eugene, argued the cause for appellants. With them on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

### DEITS, J.

In this consolidated appeal, defendants appeal their convictions for manufacturing a controlled substance. ORS 475.992(1). They contend that the court erred in denying their motions to suppress. We affirm.

Two warrants were issued based on a single affidavit to search property known as the Rocking Chair Ranch (RCR). One warrant authorized a search for John J. Mayotte,[1] for whom an outstanding arrest warrant existed, and the other for evidence of a methamphetamine operation. During execution of the warrants, a large indoor marijuana growing operation was discovered. The officers arrested Mayotte and the other persons on the property, including defendants, and later obtained a third warrant under which evidence of the growing operation was seized.

On appeal, defendants argue that the affidavit supporting the original warrants contained unlawfully obtained information and that without such information the affidavit did not establish probable cause for issuance of the warrants.[2] We need not consider defendants' contentions or further detail the facts sought to be excised because, even without the challenged information, there is sufficient information in the affidavit that was acquired independently of the challenged information to support the search warrant for Mayotte.

In August, Mayotte was given a citation in Baker County for driving while his license was suspended. He told the officer that he was assisting a rancher near Medical Springs, which is where RCR is located. Mayotte failed to appear for the hearing on the matter, and a bench warrant for his arrest was issued. The affiant police officer was informed by another police officer that, in September, a neighbor of RCR had lent a posthole digger to a person who identified himself as "JJ." At that time, "JJ" told the neighbor that he

---

[1] Mayotte is not a party to this appeal.

[2] Defendants contend that observations of activities on RCR that investigating officers made should be excised, because they were obtained pursuant to an unlawful search under Article I, section 9, and the Fourth Amendment. They also seek to excise information provided by a confidential informant, because it fails to meet the requirements of ORS 133.545(4).

had moved into RCR in August. The neighbor identified Mayotte as "JJ" in a police photo throw-down. The affiant had also been informed that a rancher near RCR had had a conversation with a person who identified himself as "JJ." The rancher was told by that person that he employed ex-convicts in his business operation and that they would be coming to RCR for recreation. The affiant also knew that Mayotte and defendant Hirning, who owned RCR, were operating a business together in Hood River.

The foregoing facts from the affidavit, which defendants do not challenge, establish probable cause to believe that Mayotte could be located at RCR. That conclusion, when coupled with the outstanding bench warrant, was sufficient to support issuance of the search warrant. ORS 133.555(2). Because the warrant to search for Mayotte was valid and the growing operation was discovered during execution of that warrant, it is unnecessary to determine the validity of the warrant authorizing a search for a methamphetamine operation. The trial court did not err in denying defendants' motion to suppress.

Affirmed.